IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-01399-CMA-BNB

PERCY BARRON,

Plaintiff,

v.

YVETTE FETTERHOFF,
DAVID ALLRED, and
BLAKE DAVIS,

Defendants.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter arises on the **Defendants' Motion to Dismiss** [Doc. #27, filed 10/10/2012] (the "Motion"). I respectfully RECOMMEND that the Motion be GRANTED.

### I. STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d

1210, 1215 n.2 (10th Cir. 2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

## II.  BACKGROUND

The plaintiff is currently incarcerated by the Federal Bureau of Prisons ("BOP") at the United States Prison, Administrative Maximum in Florence, Colorado ("ADX"). He filed his Amended Prisoner Complaint on July 11, 2012 [Doc. #11] (the "Complaint"). The Complaint contains the following allegations:

1. On March 25, 2011, Dr. Steven Clough, an optometrist for the BOP, evaluated the plaintiff's left eye. Dr. Clough documented that the plaintiff could now be scheduled for "six month visits for IOP/VA/corneal evaluations." *Complaint*, p. 3.[1]

2. Defendant Dr. Allred cosigned the document and agreed with Dr. Clough. Id.

3. Defendant Yvette Fetterhoff schedules optometry appointments for ADX inmates. She did not permit the plaintiff to see Dr. Clough in September 2011. Ms. Fetterhoff knew that the plaintiff was supposed to be reexamined by Dr. Clough in September 2011. Id.

4. On November 17, 2011, the plaintiff submitted to Dr. Allred an informal request, or "cop-out," to be transferred to a medical center for federal prisoners because he was not receiving appropriate care at ADX. Id. at p. 3. Dr. Allred refused to respond to the request. Id. at p. 4.

5. On December 29, 2011, defendant Warden Blake Davis responded to the plaintiff's

---

[1] The pages of the Complaint are not consecutively paginated. Therefore, I refer to the page numbers of the Complaint as they are assigned by the court's docketing system.

grievance. Warden Davis denied the grievance stating that (1) the matter "has been reviewed and [you] claim on November 17, 2011, [you] submitted a request to the Clinical Director stating that [you] continue to have discomfort in [your] eye and [you] request to be transferred to a medical center"; (2) the plaintiff was seen by the optometrist on December 3, 2010, and March 25, 2011; the intra ocular pressure in the plaintiff's left eye was reduced; and (3) further evaluation was not medically necessary at the time. Id. at pp. 4-5. The plaintiff claims that Warden Davis "lied" in his response "because I didn't complain[] to the Clinical Director on my cop-out dated November 17, 2011 that I continue to have discomfort in my eye and the optometrist didn't note[] . . . that there was no medical necessity for me to be further evaluated at the time." Id. at p. 5.

The plaintiff brings this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). He asserts three claims for relief. Claim One alleges that defendant Fetterhoff was deliberately indifferent to the plaintiff's medical needs when she refused to schedule him for an appointment with Dr. Clough in September 2011. Id. at p. 6. Claim Two alleges that Dr. Allred was deliberately indifferent to the plaintiff's medical needs when he refused to respond to the plaintiff's request of November 17, 2011, to be transferred to a medical center for federal prisoners. Id. at p. 7. Claim Three alleges that Warden Davis lied in his response to the plaintiff's grievance in violation of the Eighth Amendment. Id. at p. 8. The plaintiff seeks injunctive relief; "nominal damages in the amount of $500.00" from each defendant; and "punitive damages in the amount of $30,000" from each defendant. Id. at pp. 10-11.

### III.  ANALYSIS

The defendants assert that they are entitled to qualified immunity.  *Motion*, p. 4. Qualified immunity shields government officials sued in their individual capacities from liability for civil damages provided that their conduct when committed did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  In order for a right to be "clearly established" for purposes of assessing entitlement to qualified immunity, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right."  Anderson v. Creighton, 483 U.S. 635, 640 (1987).

When analyzing the issue of qualified immunity, I consider two factors.  I must determine whether the plaintiff has sufficiently alleged a violation of a statutory or constitutional right.  In addition, I must inquire whether the right was clearly established at the time of the violation.  Wilson v. Layne, 526 U.S. 603, 609 (1999); Butler v. City of Prairie Village, Kansas, 172 F.3d 736, 745 (10th Cir. 1999).[2]

#### A.  Personal Participation

The defendants assert that Claims Two and Three must be dismissed because the plaintiff has failed to allege that defendants Allred and Davis personally participated in any constitutional violation.  *Motion*, pp. 4-8.  An individual cannot be held liable in a section 1983 action unless he caused or participated in an alleged constitutional violation.  McKee v. Heggy, 703 F.2d 479, 483 (10th Cir. 1983).  Respondeat superior is not within the purview of section 1983 liability.

---

[2]The order in which I may consider these factors is discretionary.  Pearson v. Callahan, 555 U.S.223, 236 (2009).  However, both prongs must be satisfied.  Herrera v. City of Albuquerque, 589 F.3d 1064, 1070 (10th Cir. 2009).

Id. In order for a supervisor to be liable under section 1983, there must exist a causal connection or an affirmative link "between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." Butler v. City of Norman, 992 F.2d 1053, 1055 (10thCir. 1993); see also Rizzo v. Goode, 423 U.S. 362, 371 (1976). Without a showing of direct responsibility for the alleged violations, liability will not be imposed on a supervisory official. Id.

The plaintiff's allegation that Dr. Allred did not respond to his request to be transferred to a medical center, without more, does not establish personal participation in a constitutional violation. See Davis v. Arkansas Valley Correctional Facility, 99 Fed.Appx. 838, 843 (10th Cir. 2004) (copying the warden on complaints about medical care, without more, does not sufficiently allege personal participation in a constitutional deprivation).

The plaintiff's allegation that Warden Davis denied his grievance is insufficient to establish the requisite personal participation. "[D]enial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation" under Bivens. Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir. 2009) (addressing a claim under 42 U.S.C. § 1983); Adams v. Wiley, 398 Fed.Appx. 372, 375 (10th Cir. 2010) (stating that "denial of a grievance alone does not constitute 'personal participation' in the denial of a constitutional right sufficient to support a Bivens claim ").

The plaintiff alleges that Warden Davis "lied" when denying his grievance, but the nature of the alleged lie does not elevate the Warden's actions to the level of a constitutional violation. First, the plaintiff alleges that Warden Davis incorrectly stated that in his cop-out dated November 17, 2011, the plaintiff complained to the Clinical Director of continuing discomfort in

his eye. This alleged incorrect statement is not material to the Warden's denial of the grievance. The plaintiff also alleges that Warden Davis incorrectly stated that there was no medical necessity for the plaintiff "to be further evaluated at the time." Although the plaintiff characterizes this statement as a "lie," it is merely the basis for denial of the plaintiff's grievance.

The plaintiff has failed to allege that defendants Dr. Allred and Warden Davis personally participated in a constitutional violation. The Motion should be granted insofar as it seeks dismissal of Claims Two and Three.

### B. Failure to State a Claim upon Which Relief Can Be Granted

The defendants assert that all three claims fail to state a claim upon which relief can be granted. *Motion*, pp. 8-11.

The plaintiff alleges the defendants violated his Eighth Amendment rights. A prison official's deliberate indifference to an inmate's serious medical needs violates the inmate's Eighth Amendment right to be free from cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care." Id. at 104-05. To establish a claim for deliberate indifference, a plaintiff must prove both an objective component and a subjective component.

The objective component is met if the inmate's medical need is sufficiently serious. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir.1999) (quoting Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir.

1980)).       The subjective component to a deliberate indifference claim is met if a prison official "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. The subjective component is a middle ground that lies "somewhere between the poles of negligence at one end and purpose or knowledge at the other." Id. at 836.

To survive a motion to dismiss, a plaintiff must allege (1) a sufficiently serious medical need and (2) a sufficiently culpable state of mind. Riddle v. Mondragon, 83 F.3d 1197, 1205-06 (10th cir. 1996). Conclusory allegations, without supporting factual averments, are insufficient to state a claim for failure to protect in violation of the Eighth Amendment. Id. at 1205.

Here, the plaintiff does not allege any specific facts to show that Dr. Clough mandated treatment for his eye condition or that his eye condition is so obvious "that even a lay person would easily recognize the necessity for a doctor's attention." To the contrary, his abbreviated allegations seem to indicate that Dr. Clough approved the plaintiff for evaluations at six month intervals instead of three month intervals.

Even if the plaintiff had alleged sufficient facts to show a sufficiently serious medical need, he has utterly failed to allege that the defendants knew of and disregarded an excessive risk to his health. The Motion should be granted to the extent it seeks dismissal of all three claims for failure to state a claim upon which relief can be granted.

### IV.  CONCLUSION

I respectfully RECOMMEND:

1.  The Defendants' Motion to Dismiss [Doc. #27] be GRANTED and that the

Complaint be dismissed for failure to state a claim upon which relief can be granted; and

    2. This action count as a "prior occasion" for purposes of 28 U.S.C. § 1915(g).[3]

Dated January 11, 2013.

                                                      BY THE COURT:

                                                      s/ Boyd N. Boland
                                                      United States Magistrate Judge

---

[3] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).